Brian R. Socolow (BRS-6234)
Eleanor M. Lackman (EL-3668)
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154
(212) 407-4000

Attorneys for Plaintiffs
HT-Santa Barbara, Inc. and
BCRA Resort Services, Inc.

**JUDGE KARAS**

**05 CV 2466**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HT-SANTA BARBARA, INC. and BCRA
RESORT SERVICES, INC.,

            Plaintiffs,

    -against-

CEEBRAID-SIGNAL CORPORATION,

            Defendant.
------------------------------------------------------------X

**COMPLAINT**

RECEIVED MAR 01 2005 U.S.D.C. S.D.N.Y. CASHIERS

        Plaintiffs HT-Santa Barbara, Inc. ("HTSB") and BCRA Resort Services, Inc. ("BCRA") (collectively, "Plaintiffs"), by and through their undersigned attorneys, allege for their Complaint against defendant Ceebraid-Signal Corporation ("Ceebraid") as follows:

### NATURE OF THE ACTION

        1.    HTSB is the owner of the registered trademark BACARA for, <u>inter alia</u>, resort services and numerous other trademarks that include its famous and distinctive BACARA mark. HTSB brings this action to stop Ceebraid's confusing, infringing, diluting, false and deceptive use of the mark Bácara to designate a community of condominium villas and townhouses in Boca Raton, Florida. Based on Ceebraid's intentional violation of (i) Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) Section 32 of the Lanham Act, 15 U.S.C. § 1114(1);

(iii) Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iv) New York General Business Law § 360-l; and (v) the law of unfair competition, HTSB seeks injunctive relief, as well as monetary damages, costs and disbursements. Plaintiff BCRA, the manager of the Bacara Resort & Spa in Santa Barbara, California known as "Bacara," also brings this action for monetary damages it has suffered as a result of Ceebraid's unfair competition and intentional violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims contained herein pursuant to 15 U.S.C. §§ 1121 and 28, U.S.C. §§ 1331, 1332 and 1338, and under supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) as Ceebraid resides and/or may be found in this Judicial District.

## THE PARTIES

4. HTSB is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 645 Fifth Avenue, New York, New York 10022.

5. BCRA is a corporation organized and existing under the laws of the State of California with offices at 645 Fifth Avenue, New York, New York and its principal place of business in Goleta, California.

6. Upon information and belief, Ceebraid is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 250 Australian Avenue South, West Palm Beach, Florida 33401. Ceebraid maintains corporate offices and has a registered agent in Freeport, New York and has been the developer of numerous projects in the State of New York and this judicial district, including but not limited to

NY369674.5
03263310004
03/01/2005 vt

2

Gramercy Mews, 136 East 19th Street in Manhattan, and Chelsea Lofts, 129 W. 20th Street in Manhattan. Upon information and belief, Ceebraid is currently developing other condominium projects in Manhattan. Upon information and belief, Ceebraid has borrowed significant amounts of money from banks located in the State of New York, including but not limited to a loan of $243,000,000 from New York Community Bank in 2003.

## FACTS COMMON TO ALL ALLEGATIONS

### HTSB

7. HTSB owns and operates a full service resort hotel and spa located in Santa Barbara, California named Bacara Resort & Spa and known as Bacara. For over five years, HTSB has been continuously and exclusively using and promoting its Bacara and Bacara Resort & Spa trademarks in connection with its well-known resort hotel and spa and related goods and services.

8. HTSB has spent millions of dollars advertising and promoting its services throughout the United States and expanding its business under the distinctive BACARA mark. As a result of these efforts and continuous use, the BACARA family of marks has become famous and exclusively associated with HTSB's hotel and spa and related services.

9. HTSB is the owner of numerous United States trademark registrations for goods and services using its famous BACARA mark, including Reg. Nos. 2,494,002; 2,847,711; 2,845,180; 2,589,271; 2,589,270; 2,589,269; 2,589,268; and 2,889,434 (all registrations collectively referred to hereinafter as the "BACARA Registrations"). Registration Number 2,494,002 is for, *inter alia*, full service resort, hotel and spa services.

10. The BACARA Registrations are valid, subsisting and *prima facie* evidence of the validity of the marks covered by the BACARA Registrations, HTSB's ownership of these marks, and HTSB's exclusive right to use the BACARA Registrations in commerce nationwide.

11. HTSB also owns several pending federal trademark applications for distinctive trademarks that include its BACARA mark: Serial Nos. 75/911263; 75/911271; 75/91170; 75/911259; 75/911258; 75/911257. This family of marks is currently in use by HTSB (the BACARA mark and all registered and unregistered trademarks that include HTSB's BACARA mark are hereinafter collectively referred to as the "BACARA Marks").

**BCRA**

12. BCRA manages and operates the Bacara Resort & Spa pursuant to a contract with HTSB. BCRA derives its income under its management contract with HTSB.

13. In managing the Bacara Resort & Spa, BCRA relies on the value and goodwill of the BACARA Marks to derive income from its business activities in connection with the Bacara Resort & Spa and related goods and services.

**CEEBRAID**

14. Ceebraid is a developer of luxury condominiums and apartments, including residences in this District. In or about late 2004, Ceebraid announced plans to offer for sale condominium villas and townhouses in a community known as Bácara, located in Boca Raton, Florida. Ceebraid has advertised its Bácara condominiums in the *South Florida Sun-Sentinel* newspaper and, upon information and belief, other newspapers and periodicals, and on its web sites www.bacaracondos.com and www.ceebraidsignal.com.

15. Ceebraid has intentionally developed its Bácara condominiums to include resort-style amenities, including but not limited to a health and fitness center, athletic facilities such as tennis courts, a swimming pool with a cascading fountain, Jacuzzi spa and conference facilities. Bacara Resort & Spa offers all such amenities.

16. Upon information and belief, Ceebraid adopted the name Bácara for its residential community with full knowledge of HTSB and HTSB's use of and prior rights in the BACARA

Marks and with an intent to trade on the goodwill associated with the Bacara Resort & Spa and its resort hotel and spa services.

17. Upon information and belief, Ceebraid has adopted the Bácara name with the intent to trade on the goodwill in HTSB's longstanding and well-known resort hotel and spa.

18. Upon information and belief, occupancy at Ceebraid's Bácara condominiums is expected in or about Spring 2005.

## COUNT I

### Trademark Infringement Under 15 U.S.C. § 1114

19. HTSB repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. HTSB is the owner of all right, title and interest in and to the HTSB Registrations.

21. Ceebraid's use of the name Bácara for its condominium and townhouse community is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Ceebraid's condominiums and related services and/or to result in the mistaken belief that Ceebraid and/or Ceebraid's condominiums are somehow legitimately affiliated, connected or associated with HTSB and/or Bacara Resort & Spa.

22. Ceebraid's aforesaid acts constitute trademark infringement of federally registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114.

23. By reason of Ceebraid's aforesaid acts, HTSB has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

24. Unless and until enjoined by this Court, Ceebraid will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of HTSB.

## COUNT II

### Trademark Infringement Under 15 U.S.C. § 1125(a)

25. HTSB repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

26. Through extensive, continuous and exclusive use for over five years, HTSB is the owner of all rights, title and interest in and to, and has acquired secondary meaning in, the distinctive BACARA Marks and BACARA Registrations for its resort hotel and spa and related services.

27. Ceebraid's use of the name Bácara for its condominium community is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Ceebraid's condominiums and related services and/or to result in the mistaken belief that Ceebraid and/or Ceebraid's condominiums are somehow legitimately affiliated, connected or associated with HTSB and/or Bacara Resort & Spa.

28. Ceebraid's aforesaid acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

29. By reason of Ceebraid's aforesaid acts, HTSB has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

30. Unless and until enjoined by this Court, Ceebraid will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of HTSB.

## COUNT III

### Unfair Competition Under 15 U.S.C. § 1125(a)

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if fully set forth herein.

32. Through extensive, continuous and exclusive use for over five years, HTSB is the owner of all rights, title and interest in and to, and has acquired secondary meaning in, the distinctive BACARA Marks for its resort hotel and spa and related services.

33. Through HTSB's ownership of the BACARA Marks and BCRA's management of the Bacara Resort & Spa and reliance on the value and goodwill of the BACARA Marks, Plaintiffs maintain a financial interest in their exclusive use of the BACARA Marks.

34. Ceebraid's use of the name Bácara for its condominium community is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Ceebraid's condominiums and related services and/or to result in the mistaken belief that Ceebraid and/or Ceebraid's condominiums are somehow legitimately affiliated, connected or associated with Plaintiffs and/or Bacara Resort & Spa.

35. Ceebraid's aforesaid acts constitute unfair competition with Plaintiffs in violation of the Lanham Act, 15 U.S.C. § 1125(a).

36. By reason of Ceebraid's aforesaid acts, Plaintiffs have suffered and will continue to suffer damage and injury to their business, reputation and good will, and will sustain loss of revenues and profits.

37. Unless and until enjoined by this Court, Ceebraid will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs.

## COUNT IV

### Unfair Competition Under New York General Business Law § 360-l

38. HTSB repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. Ceebraid's aforesaid acts constitute unfair competition with HTSB in violation of New York General Business Law § 360-l.

40. By reason of Ceebraid's aforesaid acts, HTSB has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

41. Unless and until enjoined by this Court, Ceebraid will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of HTSB.

## COUNT V

### Unfair Competition Under New York Common Law

42. Plaintiffs repeat and reallege paragraphs 1 through 41 as if fully set forth herein.

43. Through HTSB's ownership of the BACARA Marks and BCRA's management of the Bacara Resort & Spa and reliance on the value and goodwill of the BACARA Marks, Plaintiffs maintain a financial interest in their exclusive use of the BACARA Marks.

44. Ceebraid's aforesaid acts constitute unfair competition with Plaintiffs in violation of New York common law.

45. By reason of Ceebraid's aforesaid acts, Plaintiffs have suffered and will continue to suffer damage and injury to their business, reputation and good will, and will sustain loss of revenues and profits.

46. Unless and until enjoined by this Court, Ceebraid will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs.

## COUNT VI

### Trademark Dilution Under 15 U.S.C. § 1125(c)

47. HTSB repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. HTSB's BACARA Marks and BACARA Registrations are distinctive marks that have become famous for HTSB resort hotel and spa and related services.

49. Ceebraid's commercial use of the name Bácara for its condominium community is causing dilution of the distinctive quality of the BACARA Marks and BACARA Registrations.

50. Ceebraid's aforesaid acts constitute trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c).

51. By reason of Ceebraid's aforesaid acts, HTSB has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

52. Unless and until enjoined by this Court, Ceebraid will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of HTSB.

## COUNT VII

### Trademark Dilution Under New York General Business Law § 360-l

53. HTSB repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54. HTSB is the owner of the famous and distinctive BACARA Marks and BACARA Registrations.

55. Ceebraid's commercial use of the name Bácara for its condominium community is causing dilution of the distinctive quality of the BACARA Marks and BACARA Registrations.

56. Ceebraid's aforesaid acts constitute trademark dilution in violation of New York General Business Law § 360-l.

57. By reason of Ceebraid's aforesaid acts, HTSB has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

58. Unless and until enjoined by this Court, Ceebraid will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of HTSB.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that the Court award the following relief:

1. An order for injunctive relief enjoining Ceebraid and its agents, attorneys, employees, and all others in active concert or participation with them from using the mark Bácara or any mark confusingly similar to the BACARA Marks or BACARA Registrations in connection with residential and related services, including but not limited to condominiums and townhouses.

2. Ceebraid's profits arising from its confusingly similar use of Bácara and HTSB's damages arising from that use pursuant to 15 U.S.C. § 1117(a) and New York General Business Law § 360-m;

3. A finding that this case is exceptional pursuant to 15 U.S.C. §§ 1117(a) and 1125(c) and New York General Business Law § 360-m, and treble any damages awarded pursuant to Paragraph 2 of this Prayer of Relief due to Ceebraid's willful and intentional acts of trademark infringement, trademark dilution and unfair competition;

4. Punitive damages by reason of Ceebraid's willful actions as set forth herein;

5. An order requiring Ceebraid to deliver up for destruction all advertising and promotional materials that use the mark Bácara in connection with residential and related services, including but not limited to condominiums and townhouses;

6. Reasonable attorneys' fees and disbursements in accordance with 15 U.S.C. § 1117, and New York General Business Law § 360-m; and

7. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

HT-Santa Barbara, Inc. and BCRA Resort Services, Inc. hereby demand a trial by jury.

Dated: New York, New York
March 1, 2005

LOEB & LOEB LLP

By: _____
Brian R. Socolow (BRS-6234)
Eleanor M. Lackman (EL-3668)
345 Park Avenue
New York, New York 10154-0037
Tel. 212-407-4000
Fax: 212-407-4990

Attorneys for Plaintiffs
HT-Santa Barbara, Inc. and
BCRA Resort Services, Inc.